NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000934
28-NOV-2016
08:44 AM

NO. CAAP-15-0000934

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDELMIRA SALAYES-ARAIZA,
Petitioner-Appellant,
v.
STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 15-1-0007(1) (CR. NO. 14-1-0162(1)))

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Foley and Fujise, JJ.)

Petitioner-Appellant Edelmira Salayes-Araiza (Salayes-Araiza) appeals from the order of the Circuit Court of the Second Circuit (Circuit Court)[1] denying her petition for post-conviction relief without a hearing. Respondent-Appellee State of Hawai'i (State) concedes that the Circuit Court erred in denying Salayes-Araiza's petition without a hearing. We agree with the State's concession of error, vacate the Circuit Court's order, and remand the case for an evidentiary hearing on Salayes-Araiza's petition.

BACKGROUND

I.

Salayes-Araiza is not a citizen of the United States. In 2014, the State charged Salayes-Araiza with first-degree theft

_____

[1] The Honorable Rhonda I.L. Loo presided.

by deception of more than $20,000 in public assistance benefits, in violation of Hawaii Revised Statutes (HRS) § 708-830.5(1)(a) (2014)[2] (Count 1); and welfare fraud, in violation of HRS § 346-34(b) and/or (c) (2015) (Count 2). Salayes-Araiza, represented by a Deputy Public Defender (DPD), pleaded no contest to both counts. On January 2, 2015, the Circuit Court sentenced Salayes-Araiza to concurrent terms of five years of probation on Count 1 and one year of probation on Count 2. Salayes-Araiza did not file a direct appeal from her judgment of conviction and sentence.

On April 13, 2015, after the time for a direct appeal had run, Salayes-Araiza was taken into custody by Immigration and Customs Enforcement officials, and the United States Department of Homeland Security initiated proceedings to remove her from the United States. The United States charged, in relevant part, that Salayes-Araiza was subject to removal pursuant to

> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000[.]

---

[2] HRS § 708-830.5(a)(1) provides:

> (1) A person commits the offense of theft in the first degree if the person commits theft:
>
> (a)   Of property or services, the value of which exceeds $20,000[.]

HRS § 708-830 (2014), which defines theft, provides in relevant part:

> A person commits theft if the person does any of the following:
>
> . . . .
>
> (2)   Property obtained or control exerted through deception. A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property.

2

II.

In Padilla v. Kentucky, 559 U.S. 356 (2010), the United States Supreme Court held that where "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for [a defendant's] conviction," the defendant's counsel has the duty to give correct advice regarding the deportation consequence of the conviction, and counsel's failure to do so may entitle the defendant to post-conviction relief based on a claim of ineffective assistance of counsel. Padilla, 559 U.S. at 368-69. The Court concluded that "constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation." Id. at 360.

III.

On May 22, 2015, Salayes-Araiza, through retained counsel, filed a petition for post-conviction relief pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 (2006). In her petition, Salayes-Araiza alleged that the DPD, her former lawyer, provided ineffective assistance by failing to properly advise her of the immigration consequences of her no-contest pleas. In particular, the petition alleged that the DPD "did not tell her that it would be near certain that she would be deported as there are no forms of immigration relief once convicted of theft in the first degree where the amount of loss is more than $10,000.00"

Salayes-Araiza submitted a Declaration in support of her petition. In her Declaration, Salayes-Araiza asserted that "[m]y criminal defense attorney did not advise me of any possible immigration consequences of [my no-contest pleas]." She stated that "[h]ad I been advised of the immigration consequences, I would not have pled no contest and would have presented my defenses at trial." She further stated that "I am in custody of Department of Homeland Security, placed in removal proceedings before an Immigration Judge. . . . I was never advised by my criminal defense attorney that [my] convictions will result in mandatory custody and [I] will have no relief under the immigration laws."

3

Salayes-Araiza's HRPP Rule 40 counsel also submitted a Declaration. In his Declaration, HRPP Rule 40 counsel stated that he had spoken to the DPD and that the DPD told him that the DPD

> was not aware and did not advise [Salayes-Araiza] that theft [of] over $10,000 constituted [an] aggravated felony under the immigration code. [The DPD] also stated that he was not aware that removal was certain and therefore did not explain this to [Salayes-Araiza].

HRPP Rule 40 counsel represented that he would subpoena the DPD if the Circuit Court held an evidentiary hearing.

IV.

On November 19, 2015, the Circuit Court denied Salayes-Araiza's petition without a hearing and issued its "Findings of Fact, Conclusions of Law, and Order Dismissing Petition to Vacate, Set Aside or Correct Illegal Sentence Through a Writ of Habeas Corpus Pursuant to H.R.P.P. Rule 40" (Order Dismissing Petition). In the Order Dismissing Petition, the Circuit Court concluded that Salayes-Araiza had waived her claim of ineffective assistance of counsel by failing to previously raise it, including at trial or on appeal. The Circuit Court further concluded that even if Salayes-Araiza had not waived her claim of ineffective assistance, she failed to state a colorable claim for relief. The Circuit Court's conclusion that Salayes-Araiza failed to state a colorable claim for relief was based on its assumption that neither of her convictions was an aggravated felony under the immigration laws. Based on this assumption, the Circuit Court concluded that the immigration consequences of Salayes-Araiza's no-contest pleas were unclear and that it seemed she could be eligible for cancellation of deportation at the discretion of the Attorney General. Because it concluded that Salayes-Araiza had waived her claim of ineffective assistance of counsel and had failed to state a colorable claim for relief, the Circuit Court denied Salayes-Araiza's petition without a hearing.

4

DISCUSSION

On appeal, Salayes-Araiza argues that the Circuit Court erred in concluding that she waived her right to assert a claim of ineffective assistance of counsel. She further argues: (1) that the Circuit Court erred in concluding that her conviction for first-degree theft by deception was not an aggravated felony under the immigration laws; and (2) that this erroneous conclusion led to the Circuit Court's erroneous ruling that Salayes-Araiza had failed to state a colorable claim of ineffective assistance of counsel. Salayes-Araiza requests that we vacate the Order Dismissing Petition and remand the case for an evidentiary hearing on her ineffective assistance of counsel claim.

The State concedes error on the points raised by Salayes-Araiza. As explained below, we agree with the State's concession of error.

I.

Salayes-Araiza argues that the Circuit Court erred in concluding that she waived her right to assert a claim of ineffective assistance of counsel. Salayes-Araiza contends that the Circuit Court based its waiver decision on Salayes-Araiza's mistake in labeling her petition as a petition to vacate, set aside, or correct <u>an illegal sentence</u>, rather than one to vacate or set aside her <u>judgment of conviction</u>. Although we disagree with Salayes-Araiza's characterization of the basis for the Circuit Court's waiver decision, we agree that the Circuit Court erred in ruling that she waived her right to assert a claim of ineffective assistance.

HRPP Rule 40(a)(3) provides:

INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. <u>Except for a claim of illegal sentence</u>, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and

5

> the petitioner is unable to prove the existence of
> extraordinary circumstances to justify the petitioner's
> failure to raise the issue.  There is a rebuttable
> presumption that a failure to appeal a ruling or to raise an
> issue is a knowing and understanding failure.

(Emphasis added.)  The Circuit Court's references to the
mislabeling of the title of Salayes-Araiza's petition as one
seeking relief for an illegal sentence was to make clear that the
illegal-sentence exception to waiver in HRPP Rule 40(a)(3) did
not apply.  The Circuit Court did not conclude that Salayes-
Araiza had waived her ineffective assistance claim because she
mislabeled her petition.  Instead, the Circuit Court ruled that
she waived her claim by failing to previously raise it.

We conclude that the Circuit Court erred in ruling that
Salayes-Araiza had waived her claim of ineffective assistance by
failing to previously raise it.  The instant petition is the
first HRPP Rule 40 petition filed by Salayes-Araiza, and it was
filed shortly after she was taken into custody for removal
proceedings.  As the State acknowledges, Salayes-Araiza
"essentially asserts that she did not know that [the DPD] had
provided faulty advice" until she was taken into custody in April
2015 for removal proceedings and discussed her situation with new
counsel.  By this time, the deadline for filing a direct appeal
had already passed.  The DPD, the person who allegedly provided
the ineffective assistance, or other members of the Public
Defenders Office would presumably have been the ones responsible
for advising Salayes-Araiza about a direct appeal.  Under these
circumstances, we agree with the State that Salayes-Araiza did
not have a realistic opportunity to file a direct appeal and
raise the ineffective assistance of counsel claim on direct
appeal.  We conclude that the Circuit Court erred in ruling that
Salayes-Araiza had waived the right to assert this claim.

II.

The Circuit Court ruled that even if Salayes-Araiza had
not waived her claim of ineffective assistance, she failed to
state a colorable claim for relief.  We conclude that this ruling
was also in error.

6

A.

The Circuit Court's ruling that Salayes-Araiza failed to state a colorable claim for relief on her ineffective assistance of counsel claim was based on its erroneous assumption that her conviction for first-degree theft by deception was not an aggravated felony under the immigration laws. Based on this erroneous assumption, the Circuit Court concluded that the immigration consequences of Salayes-Araiza's no-contest pleas were unclear and that she may be eligible for cancellation of deportation at the discretion of the Attorney General.

The Circuit Court's analysis of the immigration consequences of Salayes-Araiza's conviction for first-degree theft by deception was wrong. Contrary to the Circuit Court's assumption, Salayes-Araiza's conviction for first-degree theft by deception in violation of HRS § 708-830.5(1)(a) is an aggravated felony under the immigration laws.

For purposes of the applicable immigration laws, an "aggravated felony" is defined, in pertinent part, as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000[.]" 8 U.S.C. § 1101(a)(43)(M). Salayes-Araiza's conviction for first-degree theft by deception of more than $20,000 in public assistance benefits was clearly an aggravated felony under the immigration laws. Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." In addition, 8 U.S.C. § 1228(c) provides that "[a]n alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States."

The Circuit Court referred to 8 U.S.C. § 1229b(a) in support of its conclusion that the Attorney General may have the discretion to cancel Salayes-Araiza's removal. However, 8 U.S.C. § 1229b(a) does not apply to aliens convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3); see Lopez v. Gonzalez, 549 U.S. 47, 50 (2006) ("[T]he Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony.").

7

B.

In Padilla, the United States Supreme Court acknowledged that immigration law can be complex, and it stated that where "the deportation consequences of a particular plea are unclear or uncertain[,]" "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, 559 U.S. at 369. However, the Supreme Court held that when "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for [a defendant's conviction[,]" and "when the deportation consequence is truly clear," defense counsel has the duty to give correct advice regarding the deportation consequence the defendant's plea. Id. at 368-69.

Padilla had pleaded guilty to transporting a large amount of marijuana. Id. at 359. The Supreme Court concluded that the deportation consequences of Padilla's plea were clearly and explicitly set forth in the relevant immigration statute; that Padilla's counsel could have easily determined the consequences of Padilla's plea simply from reading the text of the statute; and that Padilla's deportation was presumptively mandatory. Id. at 368. In his post-conviction proceeding, Padilla alleged that his counsel not only failed to advise him of the deportation consequence of his plea, but told him that he did not have to worry about immigration status because he had been in the country so long. Id. at 359. Padilla also alleged that "he would have insisted on going to trial if he had not received incorrect advice from his attorney." Id. The Court agreed with Padilla that "constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation." Id. at 360. The Court held that taking Padilla's allegations as true, it had "little difficulty" concluding that he had sufficiently alleged that his counsel was constitutionally deficient, and it remanded the case for a hearing to determine whether Padilla was entitled to relief on his claim of ineffective assistance of counsel. Id. at 374.

C.

Here, Salayes-Araiza asserts that "[a] straightforward reading of immigration statutes show that the deportation consequence was truly clear[.]" In her petition, Salayes-Araiza alleged that the DPD failed to properly advise her of the immigration consequences of her no-contest pleas; that the DPD "did not tell her that it would be near certain that she would be deported" if she pleaded no contest to the charges; and that she would not have entered her no-contest pleas, but would have gone to trial, if she had been correctly advised of the immigration consequences of her pleas. Salayes-Araiza's HRPP Rule 40 counsel also represented that the DPD had informed him that the DPD "was not aware that removal was certain and therefore did not explain this to [Salayes-Araiza]."

We conclude that Salayes-Araiza's petition sufficiently stated a colorable claim for relief. See Padilla, 559 U.S. at 374; Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994). ("As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim." (block quote format and citation omitted)). Accordingly, the Circuit Court erred in denying Salayes-Araiza's petition without a hearing.

CONCLUSION

We vacate the Order Dismissing Petition, and we remand the case for an evidentiary hearing on Salayes-Araiza's HRPP Rule 40 petition.

DATED: Honolulu, Hawai'i, November 28, 2016.

On the briefs:

Benjamin E. Lowenthal
(Law Office of
 Philip H. Lowenthal)
for Petitioner-Appellant

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

9